**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

In re: **HICKORY RIDGE, LLC,**

        Debtor,

**GEORGE VAN WAGNER**,

        Appellant,

v.                                       Civil Action No. 3:10-CV-54
                                         (BAILEY)

                                         Bankruptcy Case No. 07-1251

**BRANCH BANKING & TRUST COMPANY,**

        Appellee.

**ORDER DENYING MOTION FOR LEAVE
TO APPEAL INTERLOCUTORY ORDER**

        Currently pending before this Court is George Van Wagner's (the "appellant") Application for Leave to Appeal Under 28 USC 1334(a) [Doc. 10], filed June 22, 2010. In the motion, the appellant seeks leave to file an interlocutory appeal to review the United States Bankruptcy Court for the Northern District of West Virginia's April 26, 2010, Memorandum Opinion. In that Opinion, the bankruptcy court granted Branch Banking and Trust Company ("BB&T") relief from the automatic stay to exercise its state law rights against certain tracts of real property belonging to Hickory Ridge, LLC, ("Hickory Ridge") and denied the appellant's motion to convert Hickory Ridge's Chapter 7 bankruptcy into one under Chapter 11. In granting BB&T relief from the automatic stay, the bankruptcy court

1

found that BB&T had met its initial burden of showing cause to lift the automatic stay under 11 U.S.C. § 362(d)(1) and that the appellant failed to prove adequate protection. In denying conversion, the bankruptcy court found that the appellant lacked management authority over Hickory Ridge, as the appellant's March 28, 2008, filing of bankruptcy effected his dissociation from limited liability company. As such, the bankruptcy court reasoned, any interest the appellant had in Hickory Ridge was thereafter subject to the control of his Chapter 7 trustee. For the reasons more fully stated below, the Court finds that the appellant's motion should be **DENIED**.

I. **Applicable Standard**

An interlocutory appeal is taken pursuant to 28 U.S.C. § 158(a)(3), which provides that district courts have jurisdiction to hear appeals of interlocutory orders and decrees of bankruptcy judges, with leave of the court.

"Section 158(c) . . . provides that bankruptcy appeals 'shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts.' Accordingly, although section 158 provides no direct guidance concerning the grant or denial of leave to appeal interlocutory orders, many courts apply an analysis similar to that employed by the district court in certifying interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b). **In re Swann Ltd. Partnership**, 128 B.R. 138, 140 (D. Md. 1991); **In re Energy Insulation, Inc.,** 143 B.R. 490, 493 (N.D. Ill. 1992); **In re Neshaminy Office Bldg. Assoc.,** 81 B.R. 301, 303 (E.D. Pa. 1987). This approach, while not required by the terms of section 158, provides a useful framework for considering the merits of a discretionary appeal." **Atlantic Textile Group, Inc. v. Neal**,

191 B.R. 652, 653 (E.D. Va. 1996). *Accord*, **In re Paschall**, 408 B.R. 79, 84 (E.D. Va. 2009).[1]

In **Carman v. Bayer Corp.**, 2009 WL 2413633 (N.D. W.Va. Aug. 4, 2009), the Honorable Judge Stamp set forth the standard to be applied under § 1292(b):

> Title 28, United States Code, Section 1292(b) permits a district court to . . . grant an interlocutory appeal if the Court believes that the order involves "a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The interlocutory appeal mechanism was not intended to be used in ordinary suits and was not designed" to provide early review of difficult rulings in hard cases." **North Carolina v. W.R. Peele, Sr. Trust**, 889 F.Supp. 849, 852 (E.D. N.C. 1995) (citing **Abortion Rights Mobilization, Inc. v. Regan**, 552 F.Supp. 364, 366 (S.D. N.Y. 1982)). Rather, an appeal under § 1292(b) "is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation." **Regan**, 552 F.Supp. at 366.
>
> The procedural requirements of § 1292(b) are to be strictly construed and applied, **Myles v. Laffitte**, 881 F.2d 125, 127 (4th Cir. 1989), and the decision of whether to [grant an] interlocutory appeal is within the discretion of the court . . .. **Riley v. Dow Corning Corp.**, 876 F.Supp. 728, 731 (M.D. N.C. 1992), *aff'd,* 986 F.2d 1414 (4th Cir. 1993). **To determine whether an . . .interlocutory appeal [should be granted], courts generally apply the two-part test established by the language of § 1292(b). First, courts must determine whether there is a "controlling question of law as to which there is a substantial ground for difference of opinion."** *Peele*, 889 F.Supp. at 852. **Second, courts must inquire as to whether an interlocutory appeal would "materially advance the ultimate termination of the litigation."**

*Id*., 2009 WL 2413633, at *1 (emphasis added); *See also* **Weirton Steel Corp. Liquidating Trust v. Amer. Comm. Barge Lines, LLC**, 2007 WL 2436887, *2 (N.D. W.Va. Aug. 22, 2007).

---

[1] Unlike § 1292(b), certification by the bankruptcy court is not required. **In re Bertoli**, 812 F.2d 136 (3d Cir. 1987).

## II. Analysis

### A. Stay Relief

A review of the issues presented by the grant of relief from the automatic stay reveals that neither part of the test in section 1292(b) is satisfied.

First, no "ground for difference of opinion" exists as to whether BB&T is entitled to relief from the automatic stay, let alone a "substantial" one. There is no question that BB&T met its burden under 11 U.S.C. 362(d)(1), which required it to show cause, "including the lack of adequate protection of an interest in property of such party in interest." It is undisputed that BB&T: (1) has not been paid for over two years; (2) has had to advance funds to pay the delinquent property taxes of Hickory Ridge; and (3) has suffered the marketing of the properties by Hickory Ridge's Chapter 7 trustee for about two years. There is also no question that the appellant failed to meet his burden as the party opposing relief, which is to show that the interest BB&T seeks to pursue can be adequately protected without granting relief from the stay. Section 361 explains that adequate protection can be provided by cash payments, an additional or replacement lien, or other relief giving the creditor the "indubitable equivalent" of its interest. 11 U.S.C. § 361. It is uncontroverted that the appellant has not offered either of the first two forms of adequate protection. Instead, the appellant testified that should the bankruptcy court convert Hickory Ridge's case to one under Chapter 11, he could propose a plan of reorganization that would have a significant likelihood of success within a reasonable time. Even analyzing this as a "indubitable equivalent" proposal, the appellant undoubtedly failed to make the required showing that his plan would "result in the realization . . . of the indubitable equivalent of

[the] collateral . . .. ***United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assoc., Ltd.***, 484 U.S. 365, 377-78 (1988). The appellant did not present any *pro forma* plan of reorganization for Hickory Ridge. Instead, he proposed that upon conversion to Chapter 11, he would engage in a new marketing strategy– marketing the real property as a commercial development instead of as raw land. However, it is undisputed that the appellant was not qualified as an expert and offered no appraisal of the property. Likewise, no analysis of a potential distribution to creditors in a reorganization plan was offered, no marketing professionals appeared to testify, and after nearly two years of having Hickory Ridge's properties on the open market, no acceptable offer had been made. This Court agrees with the bankruptcy court's finding that the appellant's oral outline of a proposed Chapter 11 plan consists of doing nothing more than what Hickory Ridge's Chapter 7 trustee has already attempted to do– market and sell the properties.

As such, there is no question that cause exists under section 362(d)(1) to lift the automatic stay as requested by BB&T. Accordingly, granting the appeal would not "materially advance the ultimate termination of the litigation," as required by the second element of section 1292(b).

As a further basis for denying the appellant's interlocutory appeal, this Court relies upon the finality requirement, which the Supreme Court of the United States once said "evinces a legislative judgment that '[r]estricting appellate review to "final decisions" prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy.'" ***Coopers & Lybrand v. Livesay***, 437 U.S. 463, 471 (1978), *quoting* ***Eisen v. Carlisle & Jacquelin***,

5

417 U.S. 156, 170 (1974). In this regard, the Fourth Circuit also cautioned that "piecemeal review of decisions that are but steps toward final judgments on the merits are to be avoided, because they can be effectively and more efficiently reviewed together in one appeal from the final judgments." *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993).

### B. Conversion

As with the issues concerning stay relief, the issues presented by the denial of the appellant's conversion request reveals that neither part of the test in section 1292(b) is satisfied.

First, no "ground for difference of opinion" exists as to whether the appellant lacks the authority to request said relief on behalf of Hickory Ridge, let alone a "substantial" one. There is no question that the appellant's personal bankruptcy filing effected his disassociation from Hickory Ridge. *See* W.Va. Code § 31B-6-601(7) ("A member is dissociated from a limited liability company upon the occurrence of . . . (7) The member's (I) becoming a debtor in bankruptcy . . .."). Once disassociated, the appellant's "right to participate in the management and conduct of the company's business terminates . . . and the member ceases to be a member and is treated the same as a transferee of a member." § 31B-6-603(b)(1). It also cannot be disputed that nothing in Hickory Ridge's operating agreement prevents the appellant's state law disassociation. Under section 7.1, a member's bankruptcy makes that member an Incapacitated Member, and sections 8.1 and 8.2 provide for the dissolution of Hickory Ridge based on that bankruptcy filing. Regarding the application of federal bankruptcy law, it is uncontroverted that upon the appellant's personal filing of bankruptcy, all his interest in Hickory Ridge became property of his

6

bankruptcy estate. *See* 11 U.S.C. § 541(a) (stating that the bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case . . . ."); § 541(c) ("[A]n interest of the debtor becomes property of the estate . . . notwithstanding any . . . applicable nonbankruptcy law . . . ."). There can be no doubt that once the appellant's interest in Hickory Ridge became part of the bankruptcy estate, the trustee is the only one free to use, sell, or lease that property. *See* 11 U.S.C. § 363(1) ("[T]he trustee may use, sell, or lease property . . . notwithstanding any provision in a contract, a lease, or applicable law that is conditioned on the insolvency or financial condition of the debtor . . . .").

As such, there is no question that not only is the appellant a disassociated member of Hickory Ridge, but any interest he had in Hickory Ridge at the time he filed bankruptcy became subject to the control of his bankruptcy estate's trustee. Accordingly, granting the appeal would not "materially advance the ultimate termination of the litigation," as required by the second element of section 1292(b). Again, the finality requirement provides a further basis for denying the appellant's interlocutory appeal on this issue.

### C. Additional Issues Presented in Appellant's Motion

In his motion, the appellant presents two additional issues. First, whether the bankruptcy court erred in denying the appellant's right to hire counsel to convert Hickory Ridge's Chapter 7 bankruptcy into one under Chapter 11. Second, whether the appellant's trustee has abandoned interest in Hickory Ridge. Neither of these issues satisfies the requirements of section 1292(b).

With regard to the hiring of counsel, the Opinion from which the appellant appeals

7

makes no mention of a request for counsel.  Thus, there is no ruling to analyze.  In fact, on May 13, 2010, this Court already rejected two interlocutory appeals on the issue of hiring counsel.  See **Wagner v. Fluharty**, Civil Action No. 3:10-CV-44, Order Denying Motion for Leave to Appeal Interlocutory Order; **Wagner v. Trumble**, Civil Action No. 3:10-CV-45, Order Denying Motion for Leave to Appeal Interlocutory Order.  To the extent the pending motion raises the issue of hiring counsel, leave to appeal is again denied for the reasons stated previously in those Orders.

With regard to whether the appellant's trustee abandoned his interest in Hickory Ridge, there is no "ground for difference of opinion."  There has been no such abandonment.  Any previous conduct or representations by the trustee that he did not want to administer the appellant's interest in Hickory Ridge does not constitute an abandonment.  Instead, abandonment must be express.  See 11 U.S.C. § 554; Fed. R. Bankr. P. 6007; see also **Wissman v. Pittsburg Nat'l Bank**, 942 F.2d 867, 873 (4th Cir. 1991) (no informal abandonment); **In re FCX, Inc.**, 54 B.R. 833, 839 (Bankr. E.D.N.C. 1985) ("For a notice of abandonment . . . to be effective, it must identify the property to be abandoned . . ..").  Thus, because there can be no doubt that abandonment has not occurred, granting the appeal would not "materially advance the ultimate termination of the litigation."

**III.    Conclusion**

For the foregoing reasons, George Van Wagner's Application for Leave to Appeal Under 28 USC 1334(a) **[Doc. 10]** is hereby **DENIED**.  As such, the appeal is **ORDERED DISMISSED** from the docket.

It is so **ORDERED**.

8

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a certified copy to the *pro se* appellant.

**DATED**: July 15, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE